## CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Sharon Kay Sutton

v.

Eugene Ray Sutton

July 24, 1986

Case No. 20454

By JUDGE E. EVERETT BAGNELL

On December 27, 1983, a final decree of divorce was entered in the above-styled matter granting complainant a divorce pursuant to 20-91(9) of the Code of Virginia. In that decree, both parties were denied spousal support, and the matter was re-referred to the Commissioner in Chancery for taking evidence with reference to an equitable distribution of the marital property.

Depositions were taken, the Commissioner's report was filed, and the matter now comes before the Court on defendant's exceptions to the Commissioner's report.

Neither the complainant nor defendant filed exception to the Commissioner's determination of what was marital property and the values assessed thereto. The two exceptions filed by defendant complained that the monetary award to the complainant is unjust and that the report of the Commissioner is ambiguous. The Commissioner determined that all of the property owned by the parties is marital property. It consists of the following:

(1) House and lot titled in both names - Value $72,500.
(2) Various personal property untitled - $10,000.
(3) Checking account in wife's name - $20,000.
(4) Two bank accounts in husband's name - $12,000.
(5) Husband's profit-sharing plan - $11,297.94.

In determining the award, if any, and the method of payment, the Court is required to consider those factors as set forth in 20-107.3. The parties were married in 1960 and raised one child, who is now emancipated. Both husband and wife have worked during the marriage, and it is undisputed that the complainant earned substantially more money than her husband, and her monetary contributions to the well-being of the family and to the acquisition, care and maintenance of the marital property exceeded that of the defendant. However, both parties apparently worked and did the best they could to earn income during the marriage.

The Court has no authority to order the conveyance of separate property or marital property not titled in the names of the parties. However, the Court does have the authority to partition marital property which is titled in the names of both parties.

I am of the opinion that the marital property should be divided equally. To accomplish this equal division, I order a monetary award in favor of complainant in the amount of $1,648.97. This award is to be paid by defendant to complainant at the rate of 50% of each dollar he receives from his pension plan once he receives said benefit, until the award is satisfied in full.

The Court would like to allocate the personal property among the parties, but has no authority to do so. If they are unable to divide the property, then they may file for partition of the same.